UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Civil No. 07-3657 JNE/AJB

DEANDRE JEROME BARNES,

        Plaintiff,

v.                                          **REPORT AND RECOMMENDATION**


HENNEPIN COUNTY ATTORNEY'S OFFICE;
MIKE FREEMAN in his individual and
official capacities as County Attorney;
ROBERT J. STREITZ in his individual and official
capacities as Assistant County Attorney,

        Defendants.
_____

ARTHUR J. BOYLAN, United States Magistrate Judge.

      This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Defendants' Motion to Dismiss.  Plaintiff is an inmate at Minnesota Correctional Facility-Rush City. Defendant Mike Freeman is the Hennepin County Attorney.  Defendant Robert J. Streitz is an Assistant Hennepin County Attorney.   The Hennepin County Attorney's Office is also named as a defendant.  The individual defendants are sued in their official and individual capacities.

      The Amended Complaint (Docket No. 8) is brought pursuant to 42 U.S.C. § 1983, and asserts violations of the First, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.[1]  The claims relate to plaintiff's post-conviction requests for allegedly exculpatory

---

[1] Plaintiff does not describe how defendants' alleged conduct specifically violates the rights guaranteed to him under the First, Sixth or Eighth Amendments.  Presumably, plaintiff has based his claims on the case he cites in his complaint, Osborne v. District Attorney's Office, 423

evidence from the Hennepin County Attorney's Office.  Plaintiff seeks an injunction ordering defendants to produce statements made to police by Donald Meeks and Rasheik Domyel Jackson.  Plaintiff states that he does not attack the result of his conviction, but he attacks the defendants' violation of his right, under the Due Process Clause, to post-conviction access to evidence.  (Amended Complaint, § VI, ¶ 2).  Plaintiff seeks the witness' statements so he can include them as an exhibit in support of his federal habeas corpus petition.  (Plaintiff's Memorandum and Response to Defendants' Motion to Dismiss at 2, Docket No. 32).

     Defendants move to dismiss (Docket No. 23) under four separate grounds.  First, defendants argue the complaint should be dismissed because the court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine because plaintiff is attempting to relitigate issues he lost in 2004 post-conviction litigation.  (Memorandum in Support of Defendants' Motion to Dismiss at 9, Docket No. 25).  Second, Defendants contend that the denial of plaintiff's second motion for post-conviction relief, and various other motions filed in state court, preclude plaintiff from succeeding on the present complaint based on collateral estoppel and res judicata.  Id. at 13.  Third, defendants argue the court should abstain from entertaining plaintiff's claim for injunctive relief under the Younger abstention doctrine.  Id. at 16-17.  Fourth, defendants contend that plaintiff's claims fail as a matter of law because plaintiff has

---

F.3d 1050, 1051 (9th Cir. 2005) ("Osborne I"), wherein the plaintiff alleged that the district attorney's office violated his constitutional rights under the First, Sixth, Eighth and Fourteenth Amendments by refusing him post-conviction access to DNA evidence.  However, the Ninth Circuit, in Osborne I, did not address whether the alleged conduct violated these Amendments.
     In the amended complaint, Plaintiff refers only to his due process rights, and does not refer specifically to any rights guaranteed by the First, Sixth or Eighth Amendments; therefore, plaintiff has not stated a claim for violation of the rights guaranteed under these Amendments.  The Court will address only the issue of whether plaintiff has adequately pleaded a violation of his right to due process under the Fourteenth Amendment.

failed to establish a procedural due process violation. <u>Id.</u> at 19. Defendants argue that plaintiff was given access to the evidence in his criminal case, and absent a court order, he is not entitled to a second copy. <u>Id.</u>

Plaintiff Deandre Barnes is proceeding <u>pro se</u>. Defendants are represented by Daniel Rogan, Sr. Assistant Hennepin County Attorney. This action has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Defendants' Motion to Dismiss be granted [Docket No. 23]; and that the Amended Complaint be dismissed with prejudice.

## I.  **Background**

Plaintiff pled guilty to second-degree murder on October 10, 2000. (Affidavit of Daniel Rogan, Docket No. 26, Ex. 1) (hereinafter "Rogan Aff.") Plaintiff's motion to withdraw his guilty plea, filed the day before sentencing, was denied. <u>Id.</u> On November 3, 2000, plaintiff was sentenced in accord with the plea agreement, 300 months in prison and 150 months of supervised release. <u>Id.</u>

Plaintiff appealed, arguing that the trial court erred in denying his motion to withdraw his plea, and that his mental state precluded him from making a knowing and intelligent guilty plea. <u>State v. Barnes</u>, No. C4-00-2094, 2001 WL 826993, at *2 (Minn. Ct. App. July 24, 2001); (Rogan Aff., Ex. 3). The Minnesota Court of Appeals denied his claim. <u>Id.</u> at *4.

In December 2004, plaintiff filed a petition for post-conviction relief, arguing that his plea agreement was invalid; his <u>Miranda</u> rights and <u>Brady</u> rights were violated; his sentence was excessive; and he was denied effective assistance of counsel. (Rogan Aff., Ex. 1 at 2). The 2004

3

post-conviction court denied the petition, and denied plaintiff's subsequent motion to reconsider. (Rogan Aff., Ex. 2). The Minnesota Court of Appeals affirmed the post-conviction court. State v. Barnes, No. A05-1454, 2006 WL1605003 (Minn. Ct. App. June 13, 2006). The Minnesota Supreme Court denied review, and denied a subsequent motion for rehearing. (Rogan Aff., Ex. 6). The Minnesota Supreme Court specifically denied Petitioner's request that it order the Hennepin County Attorney's Office to release its entire file to him. Id.

Plaintiff filed a motion for sentence correction in July 2007. (Rogan Aff., Ex.7). He filed additional motions including a motion for a writ of mandamus (Rogan Aff., Ex. 12), and a motion for inventory list (Rogan Aff., Ex. 11). In response to plaintiff's repeated requests for documents, on August 27, 2007, the post-conviction court directed the Clerk of Court to provide plaintiff with one copy of the entire court file, free of charge. (Rogan Aff., Ex. 8 at 2). On December 10, 2007, the post-conviction court denied all of plaintiff's motions. (Rogan Aff., Ex. 9). Plaintiff then filed a writ of mandamus, which was denied by the Minnesota Court of Appeals on December 18, 2007. (Rogan Aff., Ex. 10). Plaintiff filed a petition for certiorari, which was pending as of February 6, 2008. (Memorandum in Support of Defendants' Motion to Dismiss at 5). On November 14, 2007, plaintiff appealed the 2007 post-conviction court's decision, and that appeal was pending as of February 6, 2008. Id.; see Rogan Aff., Ex. 13. Plaintiff filed the original complaint in this action on August 9, 2007, and filed the amended complaint on September 18, 2007.

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges defendants are responsible for making any and all disclosures of relevant and material information which may possibly relate to guilt or innocence of the plaintiff.

(Amended Complaint, ¶¶ 4-6). In the amended complaint, Plaintiff describes a number of exhibits relating to the investigation of his criminal case. (Amended Complaint, ¶¶ 11-24, 26, 28, 30-32, 34-38). The gist of the complaint is that statements taken of witnesses Donald Meeks and Rasheik Jackson may contain evidence suggesting that one of them was the murderer. Plaintiff alleges he requested copies of Meeks' and Jackson's statements after his conviction, but they were not produced. (Amended Complaint, ¶¶ 40-44, 59-64). Plaintiff concludes:

> Defendant Hennepin County Attorney's Office failure to provide Plaintiff post-conviction access to evidence, in the ongoing appeal amounted to deliberate indifference in violation of Plaintiff's rights under Due Process Clause of the First, Sixth, Eighth, and Fourteenth Amendment.

Id. at ¶ 52.

### III. DISCUSSION

#### A. Rooker-Feldman Doctrine

Defendants contend this Court lacks subject matter jurisdiction over plaintiff's complaint because it is barred by the Rooker-Feldman doctrine, which precludes federal district courts from exercising appellate court jurisdiction over state court judgments. Defendants contend that plaintiff's Section 1983 claim is predicated on his challenge to the Minnesota state court's denial of his 2004 petition for post-conviction relief. Specifically, defendants argue that plaintiff sought access to various documents to establish a Brady violation, and the state court denied his request for documents, and denied his Brady claim. Furthermore, the Minnesota Supreme Court denied plaintiff's petition for post-conviction relief and request for access to documents. Thus, defendants conclude Rooker-Feldman bars this Court from reviewing and reversing the state court judgment.

Rooker-Feldman subject matter jurisdiction is not discretionary. Gisslen v. City of Crystal, Minn, 345 F.3d 624, 629 (8th Cir. 2003). This Court must address whether it has subject matter jurisdiction over plaintiff's claims.

In 2005, the United States Supreme Court noted that it had only applied the Rooker-Feldman doctrine twice. Exxon Mobil Corp. v. Saudi Basic Industries, Corp., 544 U.S. 280, 283 (2005). The Court stated that lower courts have variously interpreted the Rooker-Feldman doctrine to extend far beyond the contours of the Rooker and Feldman cases. Id. The Court held that:

> Rooker and Feldman exhibit the limited circumstances in which this Court's appellate jurisdiction over state court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority. . . . In both cases, the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury, caused by the state-court judgment, and seeking review and rejection of that judgment. Plaintiffs in both cases, alleging federal question jurisdiction, called upon the District Court to overturn an injurious state-court judgment. Because § 1257, as long interpreted, vests authority to review a state court's judgment solely in this Court [citations omitted] the District Courts in Rooker and Feldman lacked subject matter jurisdiction [citation omitted].

Id. at 291-92; see Skit Intern., Ltd. v. DAC Technologies of Arkansas, Inc., 487 F.3d 1154, 1157 (8th Cir. 2007) ("Rooker-Feldman is implicated in that subset of cases where the losing party in a state court action subsequently complains about that judgment and seeks review and rejection of it). Other circuit courts have interpreted the Supreme Court's decision in Exxon Mobil Corp. to mean the Rooker-Feldman doctrine bars federal court review only when plaintiff complains of an injury from the state court judgment itself. Coles v. Granville, 448 F.3d 853, 858 (6th Cir.

2006) (citing cases from First, Second, and Fourth Circuit Court of Appeals). Defendants contend this is such a case because plaintiff is a state court loser who is complaining of injuries caused by the state court judgment rendered, and is inviting this court to review and reverse that state court judgment.

Defendants misconstrue plaintiff's claims. Paragraph 10 of the amended complaint states: "Plaintiff is seriously harmed from Defendants wrong application of the Due Process clause, governing Plaintiff's rights to post-conviction access to evidence." In paragraph 54 of the amended complaint, plaintiff states: "Plaintiff attacks only the Defendant's application of the Due Process Clause, governing Plaintiff's right to post-conviction access to evidence, not the wrong result of his criminal prosecution." In paragraph 57 of the amended complaint, plaintiff states, in relevant part:

> Petitioner may seek judgment through § 1983 process, See Also Osborne v. District Attorney's Office 423 [F.]3d 1040 (9th Cir. 2005). "Osborne compel the state to release certain biological evidence that was used to convict him in 1994 of kidnapping and sexual assault Osborne, who maintains his factual innocence, hopes to subject the evidence at the time of his trial. He alleges that by refusing him post-conviction access to the evidence, the State violated his Constitutional rights under the First, Sixth, Eighth, and Fourteenth Amendments."

In the record before this Court, it appears that Plaintiff did not allege, as a basis for post-conviction relief, that defendants violated his due process right to post-conviction access to evidence. (See Rogan Aff., Exhibits 1-7). The 2004 post-conviction litigation is the only relevant state court litigation for Rooker-Feldman purposes[2].

---

[2] As Defendants recognize, when there is parallel action in state and federal court, the Rooker-Feldman doctrine does not bar federal court jurisdiction, even after a state court judgment is entered. See Exxon Mobil Corp, 544 U.S. at 292. Thus, any issued raised in

Plaintiff does not seek reversal of the state court's judgment on his 2004 post-conviction motion. Instead, he seeks an injunction ordering the Defendants to produce two particular witness statements that he wishes to use in support of a federal habeas corpus petition. Therefore, the Rooker-Feldman doctrine does not bar this Section 1983 action.

### B. Standard of Review

Pursuant to 28 U.S.C. §1915A, the court must screen all complaints filed in a civil action where a prisoner seeks redress from a governmental entity, or officer, or employee of a governmental entity. The court must dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). On October 31, 2007, this Court deferred ruling on the legal sufficiency of plaintiff's claims, and ordered defendants to file a response to plaintiff's amended complaint. (Order, Docket No. 13). Defendants filed a motion to dismiss. Defendants contend that plaintiff failed to state a claim upon which relief may be granted.

The standard of review derived from Fed.R.Civ.P. 12(b)(6) also applies to dismissal of claims under § 1915A. Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The United States Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007) set forth the burden a plaintiff must meet to withstand a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). The Court held that a plaintiff must allege enough facts to state a claim

---

plaintiff's 2007 post-conviction litigation, which was still pending when this action was filed, is not subject to the Rooker-Feldman doctrine. However, once the state court adjudication is complete, the doctrine of issue preclusion applies in the federal action. This Court need not reach defendants' arguments regarding issue preclusion because it finds that plaintiff fails to state a claim upon which relief may be granted. The Court notes that for some of the same reasons that the Rooker-Feldman doctrine does not apply here, the doctrine of issue preclusion is not likely to govern the outcome of this action.

for relief that is plausible on its face.  Id. at 1974.  All allegations of material fact are taken as true and, especially for pro se plaintiffs, construed in a light most favorable to plaintiffs.  Greer v. St. Louis City Justice Center, No.4:07CV979SNL, 2007 WL 2735644, at *2 (E.D.Mo. September 18, 2007) (citing Silver v. H.&R. Block, 105 F.3d 394, 397 (8th Cir. 1997); In re Syntax, 95 F.3d 922, 926 (8th Cir. 1996)).  However, a court must reject conclusory allegations of law and unwarranted inferences.  Id.  The Court may consider materials outside of the complaint that are matters of public record or material necessarily embraced by the pleadings without converting the motion to dismiss into one for summary judgment.  See State ex rel Nixon, v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999) (considering public records not contrary to complaint); Surgical Synergies v. Genesee Assoc., Inc., 432 F.3d 870, 873 n.3 (8th Cir. 2005) (considering material necessarily embracing the pleadings).  Therefore, the Court will consider the exhibits attached to the Affidavit of Daniel Rogan, copies of court orders and filings of the parties regarding plaintiff's post-conviction litigation.

A defendant, acting under color of state law, whose conduct was a cause in fact of the deprivation of another's rights under the United States Constitution, is liable under Section 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978).  Section 1983 does not provide any substantive rights.  Bradley v. Arkansas Dept. Of Educ., 301 F.3d 952, 957 (8th Cir. 2002) (citing Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617-18, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979)).  Therefore, to state a claim under Section 1983, plaintiff must adequately allege a constitutional violation.

### C.   Failure to State a Claim

The amended complaint does not clearly express whether defendants produced the

statements of Jackson and Meeks to defense counsel before plaintiff pled guilty, or whether the statements were never produced at all. Plaintiff's amended complaint contains a conclusory allegation of law that he has a due process right to *post-conviction* access to evidence. The first matter for the Court is to determine what exactly is the nature of the constitutional violation asserted by plaintiff.

In support of his alleged due process right, plaintiff cites Osborne v. District Attorney's Office for the Third Judicial District, 423 F.3d 1050 (9th Cir. 2005). It wasn't until the Osborne case was presented to the Ninth Circuit a second time that it addressed whether plaintiff had alleged a valid constitutional deprivation. See Osborne v. District Attorney's Office for the Third Judicial District, 521 F.3d 1118 (9th Cir. 2007) (hereinafter "Osborne II"). In Osborne II, the Ninth Circuit Court of Appeals held that:

> [U]nder the unique and specific facts of this case and assuming the availability of the evidence in question, Osborne has a limited due process right of access to the [biological] evidence for purposes of post-conviction DNA testing, which might either confirm guilt or provide strong evidence upon which he may seek post-conviction relief.

521 F.3d at 1122.

Defendants argue that a due process right to post-conviction access to evidence that was produced before trial has only been recognized in the context of DNA testing, and does not apply in plaintiff's situation. In distinguishing Osborne, defendants state: "Barnes had opportunity to examine the evidence against him prior to pleading guilty, and unlike the DNA evidence at issue in the Osborne case, the documents Barnes seeks are not subject to any new tests that would be probative of guilt or innocence." (Memorandum in Support of Defendants' Motion to Dismiss at 21).

10

This Court agrees that the due process right recognized in Osborne II is limited to the context of post-conviction access to DNA evidence for the purpose of subjecting the evidence to testing not available at the time of trial. See Osborne II, 521 F.3d at 1142 (stating "[w]e are presented with a certain set of circumstances presenting a meritorious case for disclosure, our analysis and holding are addressed to those circumstances only); see also Nwobi v. Kelly, No. 06CV4848 JG, 2006 WL 2882572 (E.D.N.Y. Oct. 6, 2006) (finding Osborne limited to circumstances of the case, and no due process right to post-conviction access to ballistic evidence). The analysis in Osborne II does not apply to a situation where a prisoner wants to obtain copies of witness' statements for purposes of supporting his habeas petition. Unlike DNA evidence, there are no new tests which might indicate that the witness' statements are any more probative of guilt or innocence now than they were before plaintiff pled guilty.

Plaintiff also cites to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny in support of his alleged due process violation. Plaintiff, in the amended complaint, alleges that he "attacks only the Defendant's application of the Due Process Clause, governing Plaintiff's right to post-conviction access to evidence, not the wrong result of his criminal prosecution." (Amended Complaint ¶ 54). Thus, plaintiff does not ask this court to reverse the judgment of the 2004 post-conviction court, which denied plaintiff's Brady claims. As explained above, the Rooker-Feldman doctrine would bar this Court from reviewing and reversing the 2004 post-conviction judgment. Therefore, the Court construes the amended complaint to allege that Brady requires the prosecutor to disclose exculpatory evidence for purposes of post-conviction litigation, regardless of whether there was a Brady violation before trial. Thus, the Court turns to the issue of whether plaintiff adequately alleges a due process right to post-conviction access to evidence

11

regardless of whether there was a Brady violation before trial.

Plaintiff cites to three cases for the general proposition that prosecutors must disclose any relevant and material information which may possibly relate to guilt or innocence of the defendants:  1) Brady v. Maryland, 373 U.S. 83 (1963); 2) United States v. Agurs, 427 U.S. 97 (1976); and 3) Youngblood v. West Virginia, 547 U.S. 867 (2006).  Plaintiff then quotes Kyles v. Whitley, 514 U.S. 419, 434 (1995) for the proposition that a "showing of materiality [of undisclosed evidence] does not require demonstration by a preponderance that disclosure of the suppressed evidence would have resulted ultimately in the defendant's acquittal."

The Brady Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.  Brady, 373 U.S. at 87.  In Brady, an extrajudicial confession by another defendant who was tried separately was withheld from Brady's attorney before trial.  Id. at 84.  The confession did not come to Brady's attention until after he was convicted.  Id.

In United States v. Agurs, 427 U.S. 97 (1976), the Court addressed the situation where, unlike Brady, no prior request for specific evidence had been made by the defense before trial. Id. at 104-05.  Thus, the Agurs Court framed the issue as "whether the prosecutor has any constitutional duty to volunteer exculpatory matter to the defense, and if so, what standard of materiality gives rise to that duty."  Id. at 107.  The Court was not dealing with an issue of the scope of discovery, but with the defendant's due process right to a fair trial mandated by the Due Process Clause of the Fifth Amendment to the Constitution.  Id.

The Court noted a critical point, "the prosecutor will not have violated his constitutional

duty of disclosure unless his omission is of sufficient significance to result in the denial of the defendant's right to a fair trial." Id. at 108. The Court stated that the mere possibility that undisclosed evidence might have helped the defense does not establish materiality in the constitutional sense. Id. at 109-110. The Court also stated that it is the character of the evidence, not the character of the prosecutor, that is significant to the issue of whether the suppression of evidence was constitutional error. Id. at 110. The Court held that "if the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed." Id. at 112. The omission must be evaluated in the context of the entire record. Id.

Plaintiff also cites to Youngblood v. West Virginia, 547 U.S. 867 (2006). The Youngblood Court reviewed a line of cases extending the Brady decision. The Court explained:

> A Brady violation occurs when the government fails to disclose evidence materially favorable to the accused. See [Brady] 373 U.S. at 87, 83 S.Ct. 1194. This Court has held that the Brady duty extends to impeachment evidence, as well as exculpatory evidence, United States v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), and Brady suppression occurs when the government fails to turn over even evidence that is "known only to police investigators and not to the prosecutor," Kyles 514 U.S. at 438, 115 S.Ct. 1555. See id. at 437, 115 S.Ct. 1555 ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"). "Such evidence is material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the pleading would have been different,'" Strickler v. Greene, 527 U.S. 263, 280, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999) (quoting Bagley, supra, at 682, 105 S.Ct. 3375) (opinion of Blackmun, J.)), although a "showing of materiality does not require demonstration by a preponderance that disclosure of the suppressed evidence would have resulted ultimately in the defendant's acquittal, Kyles, 514 U.S. at 434, 115 S.Ct. 1555. The reversal of a conviction is required upon a "showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Id., at 435, 115 S.Ct. 1555.

Youngblood, 547 U.S. at 869-70.

Plaintiff alleges that on May 1, 2007, defendants refused to "provide the file" unless ordered by the court to do so. (Amended Complaint, ¶ 44, Exhibit 24). Plaintiff's allegations in paragraphs 60-65 (Exhibits 29-30) indicate that plaintiff made extensive discovery requests to the Hennepin County District Court, including requests for statements made by Meeks and Jackson, while he was pursuing post-conviction relief. Although the Court ordered the Clerk to send plaintiff one copy of his entire court file, it did not contain copies of statements made by Meeks and Jackson. (Amended Complaint, ¶¶ 64-65, Exhibit 32).

The critical point noted by the Supreme Court in United States v. Agurs explains why there is no due process right to post-conviction access to evidence regardless of whether there was a Brady violation before trial. The due process right is concerned with the defendant's *right to a fair trial*. Agurs, 427 U.S. at 108 (emphasis added). If plaintiff had access to exculpatory evidence before trial (or in this case, before his guilty plea) the due process right does not guarantee him access to the exculpatory evidence (ie, copies of the prosecutor's discovery file) for the purpose of supporting post-conviction litigation. See Gibson v. Superintendent of NJ Dept. Of Law and Public-Safety Division, 411 F.3d 427, 444 (3rd Cir. 2005) (refusing to extend Brady duty to disclose exculpatory evidence after criminal proceedings have concluded). Therefore, plaintiff has not alleged a violation of a constitutional right to due process, and his amended complaint fails to state a claim upon which relief may be granted.

**IV.   CONCLUSION**

Plaintiff has failed to state a claim upon which relief can be granted because he has not

alleged a deprivation of a recognized due process right. The due process right in <u>Osborne</u> does not extend beyond the particular facts and analysis in that case and the due process right in <u>Brady</u> is concerned only with violations that deprive a defendant of the right to a fair trial. Because the Court construes the amended complaint to allege that <u>Brady</u> guarantees a prisoner the right to access exculpatory evidence for post-conviction litigation regardless of whether there was a pre-trial <u>Brady</u> violation, plaintiff has failed to state a claim under Section 1983. Therefore, the Court recommends granting defendants' motion to dismiss without reaching defendants' arguments regarding <u>Younger</u> abstention, or res judicata and collateral estoppel.

## V.     RECOMMENDATION

For the foregoing reasons, it is hereby recommended that:

1. Defendants' motion to dismiss be granted [Docket No. 23] pursuant to 28 U.S.C. § 1915A and Fed.R.Civ. P. 12(b)(6) because plaintiff fails to state a claim;

2. the amended complaint be dismissed with prejudice, and the dismissal be counted as a strike for purposes of 28 U.S.C. §1915(g).


Dated: July 17, 2008        s/ Arthur J. Boylan
                         Arthur J. Boylan
                         United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from

the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.

Written objections must be filed with the Court before July 31, 2008..